## SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. RAILROAD COMMISSIONERS OF SOUTH CAROLINA et al.

(District Court, E. D. South Carolina. November 3, 1923.)

**Telegraphs and telephones ⬅️33(1)—Profit of lessor company held incompetent to show rent for equipment excessive.**

    Whether rent of 4½ per cent. of gross receipts for use of telephone equipment furnished by another company is so excessive as to raise inference that payment was not bona fide may be proved by any competent evidence, showing actual cost of manufacturing such equipment; but lessor's profit from rental is not competent, and subpœna duces tecum for purpose of showing profits must be set aside.

In Equity. Suit by the Southern Bell Telephone & Telegraph Company against the Railroad Commissioners of South Carolina and others. On Complainant's motion to quash and set aside a subpœna duces tecum, directed to the American Telephone & Telegraph Company. Motion granted.

See, also, 280 Fed. 901.

Julian Mitchell (of Mitchell & Horlbeck), of Charleston, S. C., for American Telephone & Telegraph Co.

D. W. Robinson, of Columbia, S. C., and F. A. Miller (of Miller & Lawson), of Hartsville, S. C., for defendants.

SMITH, District Judge. This matter came on upon a motion to quash and set aside a subpœna duces tecum, issued herein on behalf of the defendants, and directed to the American Telephone & Telegraph Company, and served on the agent of said company on October 9, 1923, and counsel for both complainant and defendants have appeared and been heard.

Although it may well be that it is pertinent in this case to produce testimony to show what is a proper rental to be paid under the circumstances by the Southern Bell Telephone & Telegraph Company to the American Telephone & Telegraph Company, yet it would not appear that the defendants have a right to ascertain that by compelling the American Telephone & Telegraph Company to show what are its costs of production of the transmitters, receivers, and coil leased, and its profits under its rental contract. Whether or not 4½ per cent. on the gross receipts of the Southern Bell Telephone & Telegraph Company is a fair and proper payment to be made is a point at issue. If it can be shown that the same articles in the nature of transmitters, receivers, and coil can be manufactured or furnished for substantially less than the amount paid, it would be pertinent to show it in this case; but the question of profit on production to the lessor is not competent for that purpose.

The American Telephone & Telegraph Company has a right to receive whatever the other party is willing to pay, and what profit it may make between the actual cost of the article furnished and the amount the Southern Bell Telephone & Telegraph Company is willing to pay

is not a matter which the defendants have a right to compel the American Telephone & Telegraph Company to reveal. The real point is: Is the amount so excessive that, in the case of a public service corporation, it would be inferred to be paid for other purposes than a bona fide payment to receive the benefit of the articles furnished?

This the defendants can prove by any competent testimony they see fit. They can examine any competent witnesses, to show what is the true and proper cost of manufacturing, producing, or procuring these articles. If any of the employees of the American Telephone & Telegraph Company are competent witnesses to prove the same, they may be subject to subpœna to testify as any other witness; but the American Telephone & Telegraph Company cannot be compelled itself, under the issues in this case, to furnish evidence of what its profits are.

It is therefore ordered and adjudged that the subpœna be quashed and set aside, but without prejudice whatsoever to the right of the defendants, having issued such subpœna, to produce such competent testimony as they may have a right to produce, to prove what is the real and proper costs or expense that should be paid for manufacturing and producing or furnishing to the Southern Bell Telephone & Telegraph Company the articles in question.